UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHU YUN CASTELO,

        Plaintiff,

   -against-

DELTA AIR LINES, INC.,

        Defendant.

Civil Action No.: _____

COMPLAINT &
JURY TRIAL DEMAND

## COMPLAINT

Comes now Plaintiff SHU YUN CASTELO, by and through her undersigned attorneys, complaining against Defendant DELTA AIR LINES, INC., and alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter "the Montreal Convention").

2. *In Personam* Jurisdiction and Venue are proper in this district, insofar as the Defendant's principal place of business is in Atlanta, Georgia.

3. Plaintiff resides in Glendale, Arizona.

4. Defendant DELTA AIR LINES, INC. ("DELTA") is a foreign for-profit corporation incorporated under the laws of the State of Delaware with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia 30354. Defendant DELTA can be served by way of its registered agent, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

**FACTUAL ALLEGATIONS**

5. At the time of the events complained of herein, Defendant DELTA was a common carrier engaged in the business of transporting passengers for hire by air.

6. In furtherance of said business, defendant DELTA operates regularly scheduled commercial airline flights to and from Los Angeles International Airport, Los Angeles, California (LAX).

7. In furtherance of said business, defendant DELTA operates regularly scheduled commercial airline flights to and from Aeropuerto de Cabo San Lucas Internacional, Cabo San Lucas, Mexico (SJD).

8. On or about October 18, 2020, Defendant DELTA operated and controlled a certain jet aircraft ("the subject aircraft") designated as DELTA Flight DL 1884 from Aeropuerto de Cabo San Lucas Internacional, Cabo San Lucas, Mexico (SJD) to Los Angeles International Airport, Los Angeles, California (LAX).  ("the subject flight").

9. On or about October 18, 2020, Defendant DELTA had a duty to ensure that its passengers, including those of the subject flight, boarded its aircraft safely.

10. On or about October 18, 2020, Plaintiff SHU YUN CASTELO was a fare-paying passenger lawfully boarding the subject aircraft and subject flight.

11. On or about October 18, 2020, and for some time prior thereto, DELTA, its agents, servants, employees, and/or contractors owned, serviced, maintained, repaired, controlled and/or operated the walkways, stairs, escalators, jetways, and other means of boarding the subject aircraft.

12. It was the responsibility of DELTA and its agents, servants, employees, and/or contractors to ensure the safety of its passengers and in particular, that the means of access to the subject aircraft, including the walkways, were free from hidden dangers.

13. On October 18, 2020, while the aircraft was stationed at SJD, and for a sufficient period beforehand, a walkway leading to the subject aircraft and within SJD's VIP Lounge ("the VIP Lounge") had become dangerous insofar as an electrical cord was exposed and presented a "trip/fall" hazard.

14. On or about October 18, 2020, DELTA, its agents, servants, employees, and/or contractors were aware of this danger.

15. On or about October 18, 2020, DELTA, its agents, servants, employees, and/or contractors failed to remediate said danger.

16. On or about October 18, 2020, and for a sufficient period beforehand, DELTA negligently, carelessly, and/or recklessly caused, permitted, and/or allowed the allowed the VIP Lounge, and thus the means of access to the subject aircraft, to become and remain in a dangerous condition.

17. On or about October 18, 2020, DELTA, its agents, servants, employees, and/or contractors failed to properly remediate known dangers, including exposed electrical cords, in the VIP Lounge.

18. On October 18, 2020, while boarding the subject flight, Plaintiff fell and was injured.

19. On October 18, 2020, while the Plaintiff was in the process of boarding the subject flight, she tripped over an exposed electrical cord in the VIP Lounge and was caused to fall to the ground.

20. On October 18, 2020, Plaintiff fell and was injured as the result of an accident, namely, an unexpected or unusual event or occurrence external to the Plaintiff, and not from the Plaintiff's internal reaction to the ordinary operation of the aircraft

21. Said accident occurred due to the negligence, carelessness and/or recklessness of DELTA, its agents, employees, servants, and/or contractors.

22. As a result of said accident, Plaintiff SHU YUN CASTELO was injured.

23. As a result of said accident, Plaintiff SHU YUN CASTELO was seriously injured.

24. As a result of said accident, Plaintiff SHU YUN CASTELO was permanently injured.

25. As a result of said accident, Plaintiff SHU YUN CASTELO has suffered severe pain, agony, and mental anguish and in the future will continue to suffer from same.

26. As a result of said accident, Plaintiff SHU YUN CASTELO suffered economic loss and, in the future, shall continue to suffer from same.

27. As a result of said accident, Plaintiff SHU YUN CASTELO was deprived of her enjoyment of life, pursuits and interests and verily believes that in the future she will continue to be deprived of same.

28. As a result of the foregoing, Defendant DELTA is liable to pay full, fair, and reasonable damages to Plaintiff pursuant to the Montreal Convention.

29. Defendant DELTA cannot meet its burden of proving that its negligence did not cause or contribute to the accident, and to Plaintiff's resultant injuries.

30. Defendant DELTA cannot meet its burden of proving that Plaintiff's injuries were caused solely by the acts of third parties.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that the Court award damages on all counts against Defendant as set forth above, interest as allowed by law, fees, and expenses as allowed by law, and any other relief to do justice.

Dated:  June 29, 2022

                                          **THE LAW OFFICES OF DANIEL D. BARKS**

                                          */s/ Daniel D. Barks*
                                          Daniel D. Barks. Esq.
                                          Georgia Bar No.: 037923
                                          5555 Glenridge Connector, Ste. 550
                                          Atlanta, Georgia 30342
                                          (404) 751-0632
                                          ddb@barks-law.com

                                          and

                                          **BOHRER & LUKEMAN**

                                          Abram I. Bohrer, Esq. (AB 4336)
                                          5 Columbus Circle, Suite 1501
                                          New York, NY  10019
                                          Tel. No.: (212) 406-4232
                                          *Pro Hac Vice Application Forthcoming*

                                          *Attorneys for Plaintiff*

### JURY DEMAND

Plaintiff demands a jury for all claims stated.

Dated:  June 29, 2022

                                          */s/ Daniel D. Barks*
                                          Daniel D. Barks. Esq.
                                          Georgia Bar No.: 037923